**GAVIN ROZZI**
PO Box 1232
Forked River, NJ 08731
Phone: (609)-222-4161
gr@gavinrozzi.com

<u>**VIA ADS**</u>
Hon. Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

December 28, 2024

   Re: <u>Rozzi v. EFPTR, LLC et al., Case No. 3:24-cv-10108</u>

     <u>Pre-Motion Letter for Reimbursement of Service Costs
     Pursuant to Fed. R. Civ. P. 4(d)(2)</u>

Dear Judge Singh:

  Pursuant to Your Honor's Civil Case Management Order, Plaintiff, Gavin Rozzi, appearing *pro se*, respectfully submits this pre-motion letter seeking leave of the Court to file a motion for reimbursement of costs incurred for the service of the Complaint and Summons under Fed. R. Civ. P. 4(d)(2).

  **I.**  **Background**

  On October 28, 2024, I filed the Complaint in this matter (ECF No. 1) against Defendants EFPTR, LLC, and individual defendants Adam Cuddyer, Frank Venezio, and Michael Froio, alleging violations of the Telephone Consumer Protection Act (TCPA) and the New Jersey Do Not Call Law under the New Jersey Consumer Fraud Act (NJCFA).

  On the same date, I sent each Defendant a Notice of Lawsuit and Request for Waiver of Service (AO 398), two copies of the Waiver of Service of Summons (AO 399), cover letters, and prepaid return envelopes via USPS. These documents were delivered between October 30 and November 1, 2024, as confirmed by USPS tracking records. Additionally, electronic courtesy copies of the waiver forms & Complaint were simultaneously emailed to Defendants' business addresses. Notably, a read receipt confirms that Defendant Adam Cuddyer viewed the waiver email on October 28, 2024, at 8:41 PM.

  Despite ample notice, none of the Defendants returned executed service waivers on or after the 30-day deadline to waive service. Consequently, I engaged a professional process server, Proof, to complete personal service. Service was effectuated on all Defendants on December 2 and 3, 2024, as detailed in the affidavits of service filed with the Court (ECF Nos. 6 and 7).

Hon. Rukhsanah L. Singh, U.S.M.J.
December 28, 2024
Page 2 of 3

## II.  Service of Process

The affidavits of service filed with the Court provide detailed accounts of personal service on all Defendants:

- EFPTR, LLC (ECF No. 7-1): Service was completed on December 3, 2024, at 52 Hartshorn Drive, Colts Neck, NJ. Defendant Cuddyer, identified as the Registered Agent, personally accepted service.
- Adam Cuddyer (ECF No. 7): Personally served on December 3, 2024, at the same address. Cuddyer explicitly acknowledged receipt of the documents.
- Frank Venezio (ECF No. 7-2): Served on December 3, 2024, at 70 Sunningdale Circle, Manalapan Township, NJ. Service was accepted by Laura Venezio, a competent household member who confirmed Defendant Venezio's residence.
- Michael Froio (ECF No. 6): Served on December 2, 2024, at 100 Northwest 69th Circle, Unit 45, Boca Raton, FL. Service was accepted by Kaitlyn Froio, a competent household member.

The affidavits confirm compliance with Fed. R. Civ. P. 4(e) and Rule 4(h) for personal service.

## III.  Legal Basis

Fed. R. Civ. P. 4 requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

Fed. R. Civ. P. 4(d)(2) mandates reimbursement of service costs when certain defendants fail to waive service without good cause. "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

In this case, the Defendants:

1. Received valid waiver requests & a prepaid means of returning same via multiple channels.
2. Acknowledged receipt of an electronic courtesy copy shortly after Plainitff's initial transmission of the waiver request.
3. Failed to return signed service waivers within the time period provided by Fed. R. Civ. P. 4(d)(1).
4. Have not articulated any good cause for their failure.

As a result, I incurred $625 in service costs after the deadline to waive service expired, as detailed in invoices annexed as **<u>Exhibit A</u>**. These costs are fully recoverable under Fed. R. Civ. P.4(d)(2).

Hon. Rukhsanah L. Singh, U.S.M.J.
December 28, 2024
Page 3 of 3

### IV. Conclusion

For these reasons, I respectfully request leave of the Court to file a formal motion for reimbursement of service costs in the amount of $625. Service of process is complete and this issue is ripe for adjudication. Thank you for Your Honor's attention to this matter.

Respectfully submitted,

_____
GAVIN ROZZI
Plaintiff, *Pro Se*

Cc: Daniel DeSouza, Esq. (via ECF)